IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLYSON THERESA ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civil No. 1:26-CV-0163<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

MEMORANDUM OPINION

## I. Introduction

Allyson Arnold filed an application under Titles II and XVI of the Social Security Act for disability and disability insurance benefits and supplemental security income on July 2, 2023. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Arnold was not disabled from her alleged onset date of November 18, 2018, through March 27, 2025, the date of the ALJ's decision.

Arnold now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion,'"[1] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Arnold filed for disability and disability insurance benefits, as well as supplemental security income, alleging disability due moyamoya syndrome, anxiety, depression, panic attacks, insomnia, memory loss, balance and speech issues, migraine headaches, stenosis off the left carotid artery, strokes and brain bleeds, premenstrual dysphoric disorder, and shaking of the hands.[2] Arnold was 38 years old at the time of her alleged onset of disability, had at least a high school education, and had no past relevant work.[3]

An ALJ held a hearing on Arnold's disability application on March 11, 2025.[4] Arnold and a Vocational Expert ("VE") both appeared and testified at this hearing.[5] Following this hearing, on March 27, 2025, the

---

[1] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[2] Tr. 79.
[3] Tr. 39.
[4] Tr. 48-74.
[5] *Id.*

ALJ issued a decision denying the plaintiff's application for disability benefits.[6] The ALJ first concluded that Arnold had not engaged in substantial gainful activity since her alleged onset date of November 18, 2018.[7] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of Moyamoya disease; a history of post-surgery cerebrovascular accident; primary osteoarthritis of the bilateral knees; depression; generalized anxiety disorder; and posttraumatic stress disorder ("PTSD").[8] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[9]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of light work with a sit/stand option every hour; occasional postural limitations but no climbing ladders, ropes, or scaffolds; occasional to no exposure to certain hazards; and simple, routine, unskilled work with limitations on

[6] Tr. 23-41.
[7] Tr. 28-29.
[8] Tr. 29.
[9] Tr. 29-32.

her interactions with coworkers, supervisors, and the public.[10] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[11] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged. Having made these findings, the ALJ found at Step 4 that Arnold had no relevant past work but found at Step 5 that she could perform the occupations of a routing clerk, price marker, or mail sorter.[12] Accordingly, the ALJ found that Arnold had not met the stringent standard prescribed for disability benefits and denied her claim.[13]

This appeal followed. On appeal, Arnold argues that the ALJ erred in his consideration of her limitations from her impairments and her subjective testimony. This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

---

[10] Tr. 32.
[11] Tr. 33-39.
[12] Tr. 40.
[13] Tr. 41.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[14] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[16] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[17]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[18]

---

[14] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[15] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[16] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[17] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

[18] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[19] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[20] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[21]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[22] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became

---

[19] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[20] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[21] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[22] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).

disabled prior to the date on which he or she was last insured.[23] In making a disability determination, the ALJ follows a five-step evaluation.[24] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[25]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[26] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[27] Our review of

---

[23] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[24] 20 C.F.R. §§404.1520(a), 416.920(a).
[25] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[26] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[27] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[28]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[29] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[30]

### B. <u>Legal Benchmarks for the ALJ's Assessment of a Claimant's Alleged Symptoms</u>

When evaluating lay testimony regarding a claimant's reported degree of pain and disability, the ALJ must make credibility determinations.[31] Our review of those determinations is deferential.[32]

---

[28] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[29] *Mason*, 994 F.2d at 1064.
[30] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.
[31] *See Diaz v. Comm'r,* 577 F.3d 500, 506 (3d Cir. 2009).
[32] *Id.*

However, the ALJ is required to "specifically identify and explain what evidence he found not credible and why he found it not credible."[33] An ALJ should give great weight to a claimant's testimony "only when it is supported by competent medical evidence."[34] As the Third Circuit has noted, while "statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them."[35]

In accordance with the Social Security Rulings and Regulations, an ALJ must follow a two-step process to evaluate a claimant's reported symptoms: first, the ALJ must determine whether a medically determinable impairment could cause the symptoms alleged; and second, the ALJ must evaluate the alleged symptoms considering the entire administrative record.[36] This includes, but is not limited to, medical signs and laboratory findings; diagnoses; medical opinions provided by

[33] *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014) (citations omitted).
[34] *McKean v. Colvin*, 150 F. Supp. 3d 406, 415–16 (M.D. Pa. 2015) (citations omitted).
[35] *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 363 (3d. Cir. 2011) (referencing 20 C.F.R. §404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").
[36] SSR 16-3p.

treating or examining sources and other medical sources; and information regarding the claimant's symptoms and how they affect his or her ability to work.[37] To assist in the evaluation of a claimant's subjective symptoms, the Regulations set forth seven factors that may be relevant to the assessment of the claimant's alleged symptoms.[38]

C. The ALJ's Decision is Supported by Substantial Evidence.

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record.[39] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Arnold contends that the ALJ erred in his consideration of her RFC limitations and subjective symptoms.[40] First, primarily relying on her

---

[37] 20 C.F.R. § 404.1529(c), 416.929(c); SSR 16–3p.
[38] 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include: the claimant's daily activities; the "location, duration, frequency, and intensity" of the claimant's pain or symptoms; the type, dosage, and effectiveness of medications; treatment other than medications; and other factors regarding the claimant's functional limitations.
[39] *Biestek*, 139 S. Ct. at 1154.
[40] Doc. 9.

subjective testimony, Arnold asserts that her limitations from her pain and balance issues render her more limited than the ALJ found. But, after recounting the objective medical evidence from the relevant period—which included imaging showing only mild degenerative changes in her knees and improvement of her pain with injections, as well as examinations demonstrating a normal gait, full strength, intact sensation, and normal range of motion[41]—the ALJ found that Arnold's medical records did not demonstrate any ongoing issues regarding her balance or pain that rendered her more limited than the RFC.[42] The ALJ also considered the various medical opinions in the record, all of which found that Arnold could perform at least a range of light work.[43] Nonetheless, the ALJ explained that he included an hourly sit/stand option to accommodate Arnold's testimony regarding ongoing balance issues.[44] Accordingly, we find no error with the ALJ's consideration of Arnold's physical impairments and his corresponding RFC findings.

---

[41] *See* Tr. 393, 560, 564, 575, 695, 697, 743, 772, 774, 816, 831, 839, 856, 950, 1015, 1092, 1546, 1782.
[42] Tr. 33-35.
[43] Tr. 36-39.
[44] Tr. 36.

Arnold also argues that the ALJ failed to adequately account for her mental health impairments, asserting that her testimony demonstrates she would be off task for 20 percent of the workday and have good days and bad days, which the VE testified would preclude all work. At the outset, the ALJ considered Arnold's mental health impairments, found Arnold's depression, anxiety, and PTSD to be severe impairments, and found that she had mild to moderate limitations in the paragraph B criteria.[45] He included limitations in the RFC to simple, routine, unskilled work with limitations on her interactions with others.[46] In making this finding, the ALJ recounted Arnold's mental health records, including her outpatient treatment and medication management, intermittent substance abuse, and mostly unremarkable mental status findings during the relevant time period.[47] He also considered the opinion evidence, which he explained supported a finding of mild to moderate limitations and a restriction to simple, routine,

---

[45] Tr. 29-32.
[46] Tr. 32.
[47] *See* Tr. 35-36, 541, 718, 723, 763, 815-16, 944, 946-47, 949, 957.

unskilled work.[48] Ultimately, the ALJ concluded that Arnold was not as limited as she alleged, and that the evidence supported only the limitations set forth in the RFC. Given this detailed consideration, we similarly find no error with the ALJ's treatment of Arnold's mental health impairments.

In any event, we conclude that any alleged error is harmless. Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the error "prejudices a party's 'substantial rights[,]'" meaning the error "likely affect[ed] the outcome of the proceeding, . . ."[49] The plaintiff carries the burden of proving that an error was harmful.[50] Here, Arnold merely asserts that her testimony demonstrated she could not perform light work, and that she would be off task and have good days and bad days, precluding all work. But she points to no evidence other than her subjective testimony, which we concluded the ALJ properly addressed, to support her contention.

---

[48] Tr. 36-38.
[49] *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014).
[50] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Accordingly, we find that any alleged error with the RFC analysis did not prejudice her substantial rights and is thus harmless and does not require a remand.

In sum, we find that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 12th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge